# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND ALLEN, JR., | ) | |
| | ) | |
| Defendant/Movant, | ) | |
| | ) | |
| v. | ) | 2:02-cr-00554-RBP-JEO |
| | ) | 2:05-cv-08034-RBP-JEO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

The defendant, Raymond Allen, Jr. (hereinafter "the defendant" or "Allen"), was convicted on November 3, 2003, on firearms violations and sentenced to serve thirty months custody. He has filed a motion to modify or correct his sentence or to vacate, set aside, or correct his sentence. (Doc. 1). He alleges (1) that his sentence was improperly enhanced based on facts not charged in the indictment nor admitted to by him and found by a judge; (2) he is actually innocent of the enhancement providing that the present offense was committed while he was under parole supervision; and, (3) that the court now has the ability to reduce his sentence under *Booker/Fanfan*.[1] The defendant has also filed a motion to amend, generally asserting that his counsel was ineffective in failing to review the presentence report with him and in failing to better investigate the relevant facts and law. (Doc. 5).

The court required the United States to file a response. Therein, it asserts that the *Blakely*[2] and *Booker* holdings are not retroactively applicable to the defendant, he has failed to demonstrate that the two-point enhancement for committing the present offense while under supervision is wrong,

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

and there is no indication that the court would be willing to reduce his sentence now that the Guidelines are advisory. (Doc. 3). The defendant was afforded an opportunity to reply to the response of the United States. He did not file any thing additional.

On May 18, 2006, the court received a letter from a Lynn Youngblood, an Alabama probation officer, stating that the defendant was released from parole supervision on November 9, 1998. (Doc. 57).

The court is also aware that the defendant is no longer in custody. He was released by the Bureau of Prisons ("BOP") on March 3, 2006.[3]

### *Blakely* Claim

To the extent that the defendant asserts in his pleadings that he is entitled to relief under *Blakely*, the court finds otherwise. The Eleventh Circuit Court of Appeals held in *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004), that *Blakely* was not retroactive to cases on collateral review. It has similarly held that the more recent decision in *Booker* that the federal Sentencing Guidelines were subject to jury trial requirements of Sixth Amendment and that the Guidelines could not be mandatory did not apply to cases on collateral review. *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005);[4] *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir.), *cert. denied*, ___ U.S. ___, 126 S. Ct. 312, 163 L. Ed. 2d 269 (2005). Accordingly, the defendant is entitled to no relief on this claim.

### OTHER CLAIMS

---

[3]This date was derived form reviewing the BOP website.

[4]The court notes that both *Dean* and *Anderson* involved successive motions.

To the extent that the defendant asserts that his sentence is improper because of the two-point enhancement for committing the present offense while he was under parole supervision, the court finds that the claim is moot as the defendant has completed his sentence. Similarly, to the extent that the defendant asserts counsel was ineffective with regard to his performance and the effect it had on his sentence, the claim is moot.

## CONCLUSION

Premised on the foregoing, the court finds that the defendant's motions are due to be denied.

**DONE**, this 21st day of August, 2006.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**